In both cases the judgment will be affirmed.

---

### ST. PAUL FIRE & MARINE INS. CO. v. SNARE & TRIEST CO.

(Circuit Court of Appeals, Second Circuit. November 17, 1920.)

No. 21.

Insurance ⬤⟾312—Substantial compliance with representation, in marine policy, of dry-docking required.

 The overhauling of a scow, in which her bottom was not seen or examined, *held* not a substantial compliance with a promissory representation in a marine insurance contract that she should be dry-docked, before the policy attached.

In Error to the District Court of the United States for the Southern District of New York.

Action at law by the Snare & Triest Company against the St. Paul Fire & Marine Insurance Company. Judgment for plaintiff, and defendant brings error. Reversed.

See, also, 258 Fed. 425, 169 C. C. A. 441.

This case is here after the retrial ordered in 258 Fed. 425, 169 C. C. A. 441. The evidence outlined in that report was given again; but it further ap-

peared that the witnesses who had testified to the scow's overhaul before starting on her last voyage had never seen her bottom, and that no effort of any kind had been made to examine the bottom from its underside. The vessel had not been dry-docked, nor hauled on a marine railway, nor put ashore and blocked up, nor (as had happened once before in the life of the boat) turned over.

The trial judge, overruling defendant's motion for a direction, sent the case to the jury, saying: "You will find for the defendant only in the event that you find that the vessel was not so overhauled or so reconditioned as to put her in substantially as good a condition as the dry-docking would have brought about. * * * If the defendant has not been deprived of any substantial thing by the failure of the plaintiff to literally comply with that promissory representation, * * * then the law holds that the representation will not deprive the plaintiff from recovery. If, on the other hand, you find that the plaintiff did not give the defendant substantially the vessel which its representations, if complied with literally, would have given to the defendant, then the plaintiff cannot recover."

The jury found a verdict for plaintiff, and defendant brought this writ.

Harrington, Bigham & Englar, of New York City (George S. Brengle, of New York City, of counsel), for plaintiff in error.

Hector N. Hitchings, of New York City, for defendant in error.

Before WARD, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). The record before us contains more particulars and details than were offered when the case was here before, but the essential facts are not changed. The insured is still compelled to assert in effect that, because the scow was overhauled, dry-docking or any equivalent therefor may be excused. A new trial was awarded because, in our opinion, issues had been presented to the jury which were wholly immaterial, and there appeared no appreciation on the part of all concerned that the one issuable fact was whether the representation as to dry-docking had been "substantially performed."

From arguments now made we conclude with regret that our efforts to indicate the point in the case were not wholly successful. The present plaintiff in error asserts that on the second trial the court below felt bound by our previous decision to submit to the jury the question whether "seaworthiness took the place of dry-docking." No such understanding appears in the charge, but it is true that we did not point out just what acts might constitute substantial performance of the representation proven. Not knowing whether plaintiff could or could not make a better case along the lines indicated than it had done when seeking recovery on a false legal theory, we refrained from weighing merely possible evidence.

On this very full record the only question presented by the writ is whether there was any evidence of substantial performance. That the scow should be seaworthy is a matter covered by the implied warranty of seaworthiness contained in every contract of marine insurance such as this. Hazard v. New England, etc., Co., 8 Pet. 557, 8 L. Ed. 1048; Long Dock, etc., Co. v. Mannheim, etc., Co. (D. C.) 116 Fed. 886, affirmed in this court 123 Fed. 861, 59 C. C. A. 668. The representation is superadded to the warranty, is some-

thing wholly separate, and therefore cannot itself be fulfilled by fulfilling the warranty.  Hazard v. New England, etc., Co., ut supra.

When a contract has not been literally, but has been substantially, performed, it has been "in good faith complied with in all *essentials* to the full accomplishment of that which was contracted for."  Manning v. School District, 124 Wis. 100, 102 N. W. 361.  Cf. Dorrance v. Barber (C. C. A.) 262 Fed. 492.  The thing that was promised and in a sense contracted for here was dry-docking, to the "full accomplishment of which" the essential is that the bottom of the vessel should be examined by the eye from the outside.

It plainly appears by this record, as well as from common knowledge, that there are ways of effecting this result other than by putting such a humble craft as a scow in what is called a dry dock.  A marine railway may be used, the vessel may be hauled ashore and blocked up, or, as had happened with this particular scow, she might be turned over.  None of these things was done, yet the jury was left to find that there had been a substantial performance, although it was plain, by evidence uncontradicted, that the very end and object of dry-docking had not been in any way or to any degree accomplished.

We think this was error, and that on the whole case the defendant's motion for a directed verdict should have been granted.

Judgment reversed, with costs.

WARD, Circuit Judge (concurring).  I feel bound to add on, so important a question of marine insurance, that in my opinion our former decision (258 Fed. 425, 169 C. C. A. 441) was wrong, and that Judge Grubb was right in telling the jury as matter of law that the representation as to dry-docking was material and was not complied with.  The evidence at that trial showed that the scow had not been dry-docked, and that the repairs made were made while she was afloat, so that it was impossible to see or examine her bottom.  Yet we held that the court should have submitted to the jury the question whether the repairs actually made were a substantial compliance with the representation that the scow had been dry-docked; i. e., whether they made the scow as seaworthy as if her bottom had been visible and had been examined.  Now we hold as matter of law, and I think rightly, that such an examination was necessary to a substantial compliance with the representation, and that because it was not complied with the court should have directed a verdict for the defendant.